# EXHIBIT "A"

7301 Metro Center Dr
Austin, TX 78744-1748

**RE:** **Process Served in Texas**

**FOR:** United Financial Casualty Company (Domestic State: OH)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | BAHGAT GERGES, Pltf. vs. United Financial Casualty Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 215th Judicial District Court Harris County, TX<br>Case # 201739920 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/23/2017 at 15:05 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Lawrence P. Wilson<br>THE LANIER LAW FIRM, P.C.<br>P.O. Box 691448<br>6810 FM 1960 West<br>Houston, TX 77269-1448<br>713-659-5200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/24/2017, Expected Purge Date: 06/29/2017 |
| | Image SOP |
| | Email Notification, Paula Stewart paula_stewart@progressive.com |
| | Email Notification, Deborah Fisk deborah_fisk@progressive.com |
| | Email Notification, Rachael Hembree rachael_hembree@progressive.com |
| | Email Notification, Bonnie Thomas bonnie_thomas@progressive.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| PLAINTIFF: GERGES, BAHGAT | In The   215th |
| vs. | Judicial District Court |
| DEFENDANT: UNITED FINANCIAL CASUALTY COMPANY | of Harris County, Texas |
| | 215TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED FINANCIAL CASUALTY COMPANY
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS TX 75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 13th day of June, 2017, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 16th day of June, 2017, under my hand and seal of said Court.

Issued at request of:
WILSON, LAWRENCE P.
6810  FM 1960 WEST
HOUSTON, TX  77.__
Tel: (713) 659-5200
Bar No.: 21704100

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: MURAINA, BOLANLE KARIMAT
7EN//10708207

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____

FEE: $_____

_____
_____ of _____County, Texas

By _____
Deputy

_____
Affiant

6-23-17

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITE.P                    *73384732*

CAUSE NO._____

| | | |
|---|---|---|
| BAHGAT GERGES | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| UNITED FINANCIAL CASUALTY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

*This is a suit for personal injuries damages under a UM/UIM policy*

TO THE HONORABLE JUDGE OF SAID COURT:

Bahgat Gerges ("Plaintiff") files this Plaintiff's Original Petition complaining of United

Financial Casualty Company ("Defendant") and respectfully shows as follows.

I.

### DISCOVERY PLAN LEVEL 3

1.    Plaintiff requests that this lawsuit be governed by Discovery Plan Level 3

pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

II.

### PARTIES

2.    Plaintiff is an individual resident of Missouri City, Fort Bend County, Texas. The

last three numbers of Plaintiff's driver's license number are 069. The last three numbers of

Plaintiff's social security number are 051.

3.     Defendant United Financial Casualty Company is an insurance company having its principal place of business in Cleveland, OH but doing business throughout Texas. Defendant may be served through its Registered Agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136.

III.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this Court.

5.     Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred here.

IV.

## DECLARATORY RELIEF CLAIMS

6.     On November 05, 2016, Bahgat Gerges was a driving a 2009 Lexus RX350 in the course and scope of his employment with Uber. Bahgat Gerges was traveling northeast on 8700 W. FM 1960, Houston Texas. An Unknown Driver was driving a black Ford Mustang, which was traveling behind Gerges when he failed to maintain his speed, causing the collision. Immediately after the collision, the Unknown Driver fled the scene of the accident.

7.     The Unknown Driver had common-law and statutory duties to use ordinary care in the operation of his vehicle. He negligently breached those duties and that negligence proximately caused Plaintiff's injuries and damages. Specifically, Unknown Driver was negligent in the following particulars:

      a.     failing to keep a proper lookout;

      b.     failing to control the speed of his vehicle;

2

        c.     failing to timely apply his brakes so as to avoid a collision;

        d.     in operating a vehicle in a careless manner;

        e.     in all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

8.     The vehicle Plaintiff was occupying at the time of the wreck, and/or Plaintiff himself, was covered by an insurance contract written by Defendant United Financial Casualty Company ("United Financial")(the "United Financial contract").

9.     Plaintiff was insured under the United Financial contract, and a party to the United Financial contract.

10.     In this contract, Defendant United Financial agreed to pay Uninsured/Underinsured (UM/UIM) benefits of any bodily injury resulting from the motor vehicle accident sustained by a covered person, and property damage caused by the accident.

11.  ·  These UM/UIM benefits are defined as those for which an injured covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle.

12.     Plaintiff was a covered person as defined by the United Financial contract in question.

13.     Unknown Driver's vehicle was either uninsured or underinsured as defined by the insurance contract in question, as well as under Texas law, because there is no applicable third-party insurance coverage or Plaintiff's damages exceed any applicable third-party insurance-coverage limits.

14.     Plaintiff, because of bodily injuries resulting from a motor vehicle accident, has incurred damages that Plaintiff is legally entitled to recover from the owner or operator of the

3

uninsured or underinsured motor vehicle in question, specifically, the vehicle driven by Unknown Driver.

## V.

## DAMAGES

15.    Because of his bodily injuries proximately caused by Unknown Driver's negligence, Plaintiff has suffered the following legal damages for which he is entitled to reasonable and proper compensation:

        A.    past and future medical bills;

        B.    past and future physical pain and mental anguish;

        C.    past and future physical impairment;

        D.    past and future physical disfigurement; and

        E.    past lost wages and future lost wage-earning capacity.

16.    Plaintiff is requesting that Plaintiff be awarded by the jury monetary relief over $200,000.00 but not more than $1,000,000.00, which is an amount within the jurisdictional limits of this Court.

## VI.

## CAUSES OF ACTION AND RELIEF SOUGHT

17.    Plaintiff asserts claims under Chapter 37 of the Texas Civil Practice & Remedies Code to have Plaintiff's rights, status, and other legal relationships, under the United Financial contract insuring Plaintiff (the United Financial contract in question), established by a court of competent jurisdiction.

18. .    Section 37.004(a) of the Texas Civil Practice & Remedies Code provides that "[a] person interested under a deed, will, written contract, or other writings constituting a contract or

4

whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

19. Section 37.004(b) of the Texas Civil Practice & Remedies Code further provides that "[a] contract may be construed either before or after there has been a breach."

20. Finally, §37.009 of the Texas Civil Practice & Remedies Code provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."

21. Plaintiff seeks a declaration from the Court that the allegations set forth in paragraphs 7 through 15 of this Petition are true and correct.

22. Plaintiff also seeks a declaration determining the amounts of Uninsured/Underinsured Motorist Coverage benefits under the insurance contract in question to which Plaintiff is entitled to recover from Defendant United Financial, after all applicable set-off and credits, for the damages described in paragraphs 16 and 17 of this Petition.

23. Plaintiff specifically requests that Plaintiff's right to collect Uninsured/Underinsured Motorist Coverage benefits under the insurance contract in question with Defendant United Financial be declared, and that it be declared that Plaintiff be entitled to recover said insurance proceeds, notwithstanding the existence of other insurance of a different kind, specifically, but not limited to, health insurance, or that third parties may be responsible for the damages suffered, except as specifically provided in the insurance contract in question, or under Texas law.

24. Plaintiff seeks recovery of costs and reasonable and necessary attorney's fees, past and future, as are equitable and just.

5

25.     These attorney's fees, past and future, include those for representation through trial and the completion of the proceedings in the trial court, for representation through appeal to the court of appeals, for representation at the petition for review state in the Supreme Court of Texas, for representation at the merits briefing stage in the Supreme Court of Texas, and for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

26.     All conditions precedent have been performed or have occurred.

27.     Generally, "[a]n insured seeking the benefits of uninsured/underinsured motorist coverage may (1) sue the insurance company directly without suing the uninsured/underinsured motorist; (2) sue the uninsured/underinsured motorist with the written consent of the insurance company, making the judgment binding against the insurance company; or (3) sue the uninsured/underinsured motorist without the written consent of the insurance company and then relitigate the issue of liability and damages." *In re Koehm*, 86 S.W. 363, 368 (Tex.App.-Texarkana 2002, orig. proceeding).

28.     As such, the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice & Remedies Code) is the proper vehicle for seeking Uninsured/Underinsured Motorist Coverage benefits. *See, e.g., Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 WL 1576022 at *1-6 (S.D. Tex. May 3, 2012)(mem. op.) (allowing declaratory judgment for determination of insurer's liability for UM/UIM damages); *Owen v. Emp'rs Mut. Cas. Co.*, No. 3:06-CV-1993-K, 2008 WL 833086 at *5 (N.D. Tex. Mar. 28, 2008) (memo. op.) (allowing declaratory judgment action for determination of insurer's liability for UM/UIM damages); *Schober v. United Financial Mut. Auto. Ins. Co.*, No. 3:06-CV-1921-M, 2007 WL 2089435 at

6

*1-5 (N.D. Tex. July 18, 2007) (mem. op.) (allowing apparent declaratory judgment action for determination of insurer's liability for UM/UIM damages).

## VII.

### REQUESTS FOR DISCLOSURE

29.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Requests for Disclosure to Defendant.

## VIII.

### RULE 193.7 NOTICE

30.   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

## IX.

### JURY DEMAND

31.   Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

### PRAYER

WHEREFORE, Plaintiff prays that he have judgment against Defendant United Financial Casualty Company, jointly and severally, for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court and for all other relief, legal and equitable, to which he is entitled..

7

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

By: /s/ Lawrence P. Wilson
    W. MARK LANIER
    State Bar No.: 11934600
    Lawrence P. Wilson
    State Bar No.: 21704100
    P.O. Box 691448
    6810 FM 1960 West (77069)
    Houston, Texas 77269-1448
    (713) 659-5200
    (713) 659-2204 – Fax
    Larry.Wilson@LanierLawFirm.com

**ATTORNEYS FOR PLAINTIFFS**

8